JONES, JUDGE:
Prior to March 31, 1975, the respondent, Division of Vocational Rehabilitation, referred eligible clients for inpatient hospitalization to the claimant,. Charleston Area Medical Center, Inc., at a fixed charge on a per diem basis. The arrangement became unsatisfactory to the claimant, and negotiation of a new contract had been underway for several months. On March 31, 1975, a contract was executed and by its express terms was made *102 retroactive to October 1, 1974. The contract established a schedule of charges at 97% of the regularly billed charges for each individual patient sponsored by the respondent.
There appears to have been an oral understanding between the parties that billings for the difference between the old per diem rate, which the respondent had continued to pay during the period of negotiation, and the new percentage rate provided by the written contract, would be submitted not later than March 31,1975, and by letter dated February 14, 1975, directed to “Hospital Administrators of West Virginia”, the claimant was so advised. This so-called deadline later was extended to April 14, 1975.
The claimant says that all billings were submitted on time and that nine remaining separate accounts totalling $2,972.37 are owing and unpaid. The respondent says that ten accounts totalling $3,156.77 were not received until August, 1975, after budgeted funds had expired. By letter to the claimant dated August 29,1975, the respondent expressed “regret” that it could not pay the claims “direct” but that a claim could be filed in this Court.
Contrary to the import of the letter last referred to, its writer and the respondent’s witness at the hearing of this case, invoked a contract provision as follows: “This agreement may be modified with the mutual consent of both parties.” The witness contended that the contract was modified by “agreement” of the parties to conform to deadlines for the submission of bills. The record indicates that this was largely a unilateral proposition, but whether it was or not, the contract is silent as to when billings should be submitted, so there was nothing in the contract in that regard that could be modified. The contract is clear that all proper bills from October 1,1974, were included and should be paid under its terms. There is no question that the services were rendered and full value was received.
There is some confusion as to whether or not the unpaid invoices were submitted by the claimant prior to the close of the 1974-75 fiscal year, but in any event, the Court is of opinion that the billings constitute just claims, there were expired funds sufficient to pay them, and in good conscience they should be paid.
Accordingly, the Court awards the claimant, Charleston Area Medical Center, Inc., the sum of $2,972.37.
Award of $2,972.37.